NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2018[*]
Decided August 17, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-3088

| | |
|---|---|
| COREY J. OJEDA, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 17-CV-643 |
| | |
| LOUIS WILLIAMS II, Warden | **Barbara B. Crabb**, |
| *Respondent-Appellee*. | *Judge*. |

## O R D E R

Corey Ojeda, a federal prisoner, appeals the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court held that § 2255(e) bars habeas corpus review because a timely motion to vacate Ojeda's federal sentence would not have been "inadequate or ineffective" to test the legality of his detention. We affirm.

---

[*] The appellee was not served with process in the district court and is not participating here. We have agreed to decide the case without oral argument because the appellant's brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

Ojeda pleaded guilty in the District of Nebraska to possessing methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). In calculating Ojeda's guideline sentencing range in February 2002, the district court applied the career-offender adjustment, U.S.S.G. § 4B1.1, which increased the offense level for defendants with at least two prior convictions for a "crime of violence" or "controlled substance offense." One of Ojeda's predicate felony convictions was a state conviction in Nebraska for burglary. At that time, § 4B1.2 defined "crime of violence" to include, among other things, felony "burglary of a dwelling," or any other felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (2001). Courts refer to the "otherwise involves conduct" provision as "the residual clause."

Ojeda was sentenced to 211 months in prison and 3 years of supervised release. He did not appeal. In March 2016, Ojeda moved in the United States District Court for the District of Nebraska under 28 U.S.C. § 2255 to vacate his federal sentence. Assuming that his Nebraska burglary conviction counted as a crime of violence only under § 4B1.2's residual clause, he claimed that his sentence had to be revisited in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the similarly worded residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. The District of Nebraska considered Ojeda's *Johnson* claim but denied the motion as untimely. *United States v. Ojeda*, No. 8:01CR196, 2017 WL 1495981, at *2 (D. Neb. Apr. 26, 2017). Ojeda appealed, but the Eighth Circuit dismissed the appeal for want of prosecution. No. 17-1955, 2017 WL 5158701 (8th Cir. July 27, 2017).

The next month Ojeda, by then in a federal prison in Wisconsin, filed in the United States District Court for the Western District of Wisconsin the § 2241 petition for habeas corpus relief at issue here. This time, asserting that his Nebraska burglary was counted as a crime of violence under U.S.S.G. § 4B1.2's "burglary of a dwelling" clause, he argued that *Mathis v. United States*, 136 S. Ct. 2243 (2016), narrowed the federal definition of "burglary" to the point that it no longer includes Nebraska's version.

As Judge Crabb recognized, however, a motion to vacate the judgment under § 2255 is the exclusive vehicle for prisoners who attack collaterally a federal sentence—unless § 2255 is "inadequate or ineffective" to test the legality of the detention. 28 U.S.C. § 2255(e). For challenges to non-capital sentences, we assume that § 2255 is adequate and effective unless the petitioner shows that the current claim is based on a retroactive change in statutory rather than constitutional law (because new and retroactive

constitutional rules can permit successive § 2255 motions), and that § 2241 review is needed to prevent a "miscarriage of justice." *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998). See generally *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc) (discussing § 2241 rules for certain challenges to death sentences). Applying that test, the Wisconsin district court concluded that § 2241 review was barred because Ojeda's claim did not depend on a new and retroactive change in statutory law.

On appeal, Ojeda contends that his petition in the Western District of Wisconsin should not have been dismissed because, in his view, *Mathis* retroactively changed the method that federal courts use to interpret terms like "burglary" in anti-recidivism statutes. But as a formal matter, a challenge to Nebraska burglary's status as a crime of violence under the "burglary of a dwelling" clause could have been raised on direct appeal or in a § 2255 motion within one year of Ojeda's 2002 sentence. Perhaps such a challenge would have been impractical because the *residual clause* would have independently qualified his prior offense as a crime of violence. But that difficulty merely illustrates that the crux of Ojeda's claim was the constitutional challenge to the residual clause that he raised—and lost—in a § 2255 action in the District of Nebraska. The stumbling block for Ojeda's claim is that court's resolution of it—not any structural inadequacy in § 2255. The Nebraska district court's decision may have been right or may have been wrong, but if it was wrong, Ojeda's remedy was to appeal, not to use § 2241. In fact, Ojeda did appeal, but his Eighth Circuit appeal of that decision was understandably dismissed when he failed to respond to an order in a timely manner.

A timely motion to vacate would have been an adequate and effective vehicle for deciding the claim Ojeda wants to pursue now, and § 2255(e) therefore bars his request for habeas corpus relief under § 2241.

AFFIRMED.